**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ANDRE CHILES,**

    **Plaintiff,**

**v.**

**SMITHFIELD FOODS, INC.**

**and**

**SMITHFIELD FARMLAND CORPORATION,**

    **Defendants**

**CIVIL ACTION NO.:** 2:18cv285

**Jury Trial Demanded**

## COMPLAINT

The Plaintiff, Andre Chiles ("Plaintiff" or "Chiles"), states as follows for her Complaint against Smithfield Foods, Inc. ("SFI") and Smithfield Farmland Corporation ("SFC"):

### I.     NATURE OF THE CASE

1. This is an action for sexual harassment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII"). The Defendants, SFI and SFC, discriminated against Chiles because of her gender by subjecting her to unlawful sexual harassment. SFI and SFC then retaliated against her after she complained of the harassment.

### II.     JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §2000e(5) (jurisdiction over cases filed under Title VII); 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1337 (jurisdiction arising from Congressional regulation of commerce).

3.      The employment practices hereafter alleged to be unlawful were committed within the Eastern District of Virginia, and, more specifically, in the City of Smithfield, Virginia. Accordingly, venue in this judicial district is proper.

### III.    PARTIES

4.      Chiles is a resident and citizen of the Commonwealth of Virginia and the United States.  She currently maintains her principal residence at 16001 Soho Turn, Moseley, Virginia 23120.  She is a female.

5.      SFI is a Virginia corporation and conducts business in Smithfield, Virginia and throughout the United States.  It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

6.      SFC is a Delaware corporation and conducts business in Smithfield, Virginia and throughout the United States.  It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

7.      SFC is operated by, and is a wholly owned subsidiary of, SFI.  The Defendants have common ownership, an integrated management structure, and their operations and operational plans are intertwined.  The corporate purposes of SFC are subsumed within the corporate purposes of SFI; SFC has no corporate purposes which are separate or apart from SFI. The managing officers of SFC ultimately report to, answer to, and effect the business purposes of SFI and did so at all times relevant to this Complaint.  The human resources policies and practices of SFI and SFC, as well as the professionals responsible for effecting these policies and practices, are one and the same.

8. At all times relevant to this action, the Plaintiff was an "employee" of SFC and SFI as that term is defined under Title VII (hereinafter the terms "Smithfield" and/or "Defendant(s)" shall, unless otherwise indicated, mean SFI and SFC, jointly and severally).

## IV.   ADMINISTRATIVE PREREQUISITES

9. The Plaintiff has met all administrative prerequisites to filing the Title VII claims in this action, including the filing of a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and bringing this action within 90 days of receipt of the Notice of Right to Sue that she has received from the EEOC.

## V.   FACTS

10. At all times relevant to this action Chiles was employed by Smithfield in the Microwave Bacon department.

11. By April of 2014, Juan Chavez had becomes Chiles' supervisor. Chavez is a male.

12. Chiles was subjected to highly offensive sexual harassment from Chavez from April of 2014 through September of 2014. After enduring Chavez's conduct for a short period of time, Chiles complained to human resources about Chavez's conduct. She made multiple complaints about Chavez's sexual harassment of her from approximately May of 2014 and afterwards. Chiles was subjected to Chavez's conduct for many months after her initial complaints about Chavez.

13. Chavez frequently subjected Chiles to sexual advances, acts of sexual assault and battery, sexual statements, and sexual innuendo.

14. The following are merely examples of the types of comments and unwelcomed conduct to which Chavez subjected Chiles on a frequent basis. Conduct of the types identified

below occurred very frequently, on at least a weekly basis and sometimes on a daily basis, between April of 2014 and September of 2014:

    a)    Chavez would brush his genital area against Chiles' rear-end;

    b)    Chavez grabbed Chiles' hand and said that "nobody has to know";

    c)    Chavez would say to Chiles that he wanted her to give him a lap dance;

    d)    Chavez would say to Chiles that they could talk about Chiles "reaping rewards" if Chiles let Chavez feel her rear-end;

    e)    Chavez offered to give Chiles a cheap car if she would go to a hotel with him;

    f)    Chavez would undress Chiles with his eyes and make grunting noises to let her know that he was attracted to her; and

    g)    Chavez told Chiles that if she did not have sex with him, then she would not see a promotion within the department.

15. Chiles was fired on June 13, 2016, in significant part because of her prior complaints to the human resources department of the sexual harassment to which she was subjected by Chavez.

16. Chavez's actions have caused Chiles a great deal of stress, anxiety, mental anguish and have greatly harmed her quality of life, especially the quality of her professional life.

17. At all times relevant to this mater, the conduct to which Chiles was subjected was unwelcomed and she asked Chavez to cease his conduct on several occasions. When Chavez committed the actions described herein he was an employee of Smithfield and was acting in the course and scope of that employment.

18. As a direct, actual, and proximate result of the acts described herein, Chiles has suffered significant damages. Her career with Smithfield has been destroyed. Moreover, she has

suffered significant mental anguish, pain, suffering, emotional distress, loss of sleep, humiliation, and loss of quality of life.

19. Smithfield's conduct in this matter had the effect of materially and adversely altering, in an illegal and discriminatory fashion, the terms and conditions of Chiles' employment with them.

20. Smithfield's conduct described herein rendered Chiles insecure in her person, placed her at risk of physical and psychological harm, actually caused her such harm, and destroyed her ability to enjoy all benefits, privileges, terms and conditions of her employment with Smithfield.

## COUNT I

### *Sexual Harassment in Violation of Title VII*

21. The allegations set forth in paragraphs 1 through 20, above, are incorporated into this Count by reference.

22. The conduct to which Chiles was subjected by Chavez was unwelcomed. Chavez's harassment of Chiles was severe, pervasive, created a hostile working environment, and was sexual in nature. Chavez subjected Chiles to the harassment described herein because of her gender.

23. The Defendants' conduct as related herein constituted unlawful sexual harassment.

24. The Defendants' conduct in committing the sexual harassment and failing to take reasonable action to prevent it was outrageous, intentional, willful, malicious, and committed with reckless indifference to Chiles' rights. Chiles has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each Defendant is liable.

## COUNT II

*Retaliation in Violation of Title VII*

25.     The allegations set forth in paragraphs 1 through 20, above, are incorporated into this Count by reference.

26.     After Chiles complained about the conduct related herein to Smithfield human resources, her complaints became a significant factor in Smithfield's decision to terminate her employment.  Chiles was terminated in significant part because she complained of Chavez's sexual harassment of her.

27.     The Defendants' wrongful termination of Chiles constitutes retaliation in violation of Title VII.

28.     The Defendants' retaliation against Chiles under these conditions was outrageous, intentional, willful, and malicious and Chiles has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each of the Defendants is jointly and severally liable.

**WHEREFORE**, Andre Chiles, for all Counts set forth herein, respectfully prays that this Court:

1)     Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2)     Order each of the Defendants to make the Plaintiff whole with appropriate lost earnings, future lost earnings, and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

      3)      Order each of the Defendants to make the Plaintiff whole by providing her with all compensation contemplated under Title VII and the Civil Rights of 1991, 42 U.S.C. §1981a for non-pecuniary losses including, without limitation, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of reputation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

      4)      Order each of the Defendants to pay the Plaintiff punitive damages in amounts to be proved at trial and which are sufficient to prevent this conduct in the future, with pre-judgment and post-judgment interest as applicable;

      5)      Order each of the Defendants to pay the Plaintiff's reasonable attorney's fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

      6)      Order all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**ANDRE CHILES**

By: */s/ James H. Shoemaker, Jr.*
         Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
F. Alex Coletrane, VSB No. 78381
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
acoletrane@pwhd.com

Cindra M. Dowd, Esq., VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Telephone: 757.233.0009
Facsimile: 757.233.0455
cdowd@serpefirm.com

Dated:  May 29, 2018